### *JOSEPH H. NAU v. GEORGE H. GOBRECHT.

IN ATTACHMENT BEFORE A JUSTICE A PARTY HAS THE RIGHT TO BOTH ERROR AND APPEAL.

In an attachment case before a justice of the peace, a party has a right to file a petition in error in the common pleas, from a decision of the justice overruling a motion to dissolve the attachment made under sec. 6522, Rev. Stat., at once and also to appeal the case from the final judgment of the justice in the case, and to have his error case adjudicated by the court of common pleas, without waiting the determination of the suit.

ERROR to the Court of Common Pleas of Hamilton county.

---

*This case was dismissed by the Supreme Court for failure to file printed record, March 5, 1895—2 Legal News, 328; as to question of appeal, see also Smock v. Bouse, 5 Circ. Dec., 293.

SMITH, J.

The only question for consideration in this case is whether the court of common pleas erred in dismissing the petition in error filed by Nau to reverse the judgment or order of Esquire Tyrrell, a justice of the peace of this county, refusing to discharge an order of attachment which had been allowed by him.

The facts in the case, as they appear by the record, are these: Gobrecht commenced an action against Nau, before the justice of the peace, to recover an amount which he claimed to be due him. He also filed an affidavit under sec. 6489, Rev. Stat., for an order of attachment, which was allowed, and under it certain property was attached. The defendant then filed a motion under sec. 6522, to discharge this attachment on the ground, among others, that the allegations of the affidavit for the attachment were untrue. On this motion evidence was heard and the justice overruled the motion, and sustained the attachment at defendant's costs, and proceeded to render a judgment against the defendant in favor of plaintiff for the amount of his claim. Defendant excepted to the action of the justice in overruling his motion, and a bill of exceptions was allowed, containing all of the evidence, and a petition in error was filed in the court of common pleas to reverse the order of the justice overruling this motion to discharge the attachment. To this petition in error Gobrecht filed an answer, setting up the issue of such order of attachment by the justice of the peace, and that he had recovered a judgment in such action against Nau therein, and that said order of attachment was sustained; that plaintiff in error filed his petition in error to reverse the order of the justice sustaining the order of attachment, which is the petition in error in this case, and that Nau had also appealed from the judgment of the justice's finding in favor of Gobrecht for his claim, and that such appeal was then pending in the court, known as' case No. 94,851. This answer was not denied. And thereupon the court dismissed the petition in error, to which plaintiff in error excepted. Was this action of the court right?

It is perfectly clear that under sec. 6524, Rev. Stat., error will lie in such a case, and that, independent of the action in which the attachment issued: *Young* v. *Gerdes*, 42 O. S., 102. That is, that proceedings in error will lie, at once, and without waiting for the determination of the principal suit. The statute gives this right and the plaintiff in error availed himself of it. The only question in the case then, is, did the fact that the principal case proceeded to judgment before the justice, and that plaintiff in error appealed from that judgment to the court of common pleas, have the effect to destroy his right to have his error case adjudicated, and have the court determine whether the action of the justice in sustaining the attachment was right, or whether his judgment against him for the costs on the motion was right? Unless there is some express provision of the statute which requires such holding, it should not be made. The plaintiff has only exercised the right expressly given to him, and he should not be deprived of it without warrant of law.

It is urged by counsel for defendant in error that sec. 6506, Rev. Stat., justified the action of the court of common pleas. That section simply provides that, in case the judgment of the justice is in favor of the defendant, this shall operate to discharge the attachment, and the property attached shall be returned to the defendant unless the plaintiff appeal and give the bond therein provided for. If he does this, or if the defendant appeal, the attachment shall be continued in the common pleas, and is to be dealt with by the court as if it had been allowed there. But evidently this is in a case where no ruling had been made by the justice as to the validity of the attachment, and was not intended to cut off the right so clearly given in other sections to prosecute error to a ruling by the justice on a motion to discharge the attachment. The order of the court of common pleas dismissing the petition in error will be reversed, with costs.

*Edward J. Dempsey* and *Harmon, Colston, Goldsmith & Hoadly*, for plaintiff in error.

*Scott Bonham*, contra.